IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01294-PSF-MEH

JASON WHITE,

    Plaintiff,

vs.

MICHAEL KAIDEN,

    Defendant.
_____

**ORDER ON PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S NONPARTY DESIGNATION**
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiff alleges that Defendant caused him injury when Defendant negligently skied into Plaintiff, causing Plaintiff to hit a six-by-six post on a ski run at Vail Mountain, Colorado. Defendant designated Vail Resorts, Inc. as a potential nonparty at fault under Colo. Rev. Stat. § 13-21-111.5(3)(b), based on an allegation that Vail Resorts, Inc. placed the pole in the ski run. Plaintiff has moved to strike the nonparty designation (Docket #21), asserting that (1) the entity named in the designation is merely a holding company with no employees; (2) the designation does not allege that Vail Resorts, Inc. had any involvement in the actions which gave rise to this case; (3) the designation does not define any duty or breach of a standard of care; and (4) an owner or operator of a ski resort is statutorily protected from liability in a case such as this and, therefore, cannot be designated as a nonparty at fault. The motion has been referred to this Court for resolution (Docket #31). The matter is briefed, and oral argument would not materially assist the Court in adjudicating it. For the reasons stated below, the Plaintiff's motion is **granted**.

I.  **Facts**

Plaintiff alleges that Defendant made a hard-footed right turn into Plaintiff, throwing him off balance and into a six-by-six post. On December 15, 2005, Defendant filed his Designation of Nonparties (Docket #20), which stated, in relevant part, the following:

> [T]he following non-party . . . may be wholly or partially at fault for plaintiff's claimed injuries: The person or entity which placed the 6/6 pole in the ski run struck by Plaintiff is wholly or partially at fault for causing the Plaintiff's injuries. The Plaintiff would not have been injured but for the existence of the pole in the ski run. The person or entity is believed to be Vail Resorts, Inc.; one or more of its employees and/or related entities.

As noted above, Plaintiff has moved to strike the designation under various theories.

II. **Discussion**

Plaintiff's strongest argument[1] concerns a ski area's statutory protection from a liability action that involves an injury caused by an inherent danger and risk of skiing, pursuant to the Colorado Ski Safety Act, Colo. Rev. Stat. § 33-44-101 to -114. Specifically, the Act prohibits claims for injuries "resulting from any of the inherent dangers and risks of skiing." *Id.* § 33-44-112. "Inherent dangers and risks of skiing" are "those dangers or conditions which are an integral part of the sport of skiing, including . . . impact with lift towers, signs, posts, fences . . . ." Colo. Rev. Stat. § 33-44-103(3.5).

---

[1] Plaintiff's argument concerning the absence of allegations of duty, breach, causation, and damages in the nonparty designation also has merit. In *Redden*, *infra*, the Colorado Supreme Court held that a nonparty designation "must go beyond bald allegation" of negligence. 38 P.3d at 81. In the present case, Defendant's designation did not even allege *negligence* in placing the post, but only that Vail Resorts, Inc. is the entity or person responsible for the six-by-six post and is therefore may be liable in whole or part for the injuries. The only element of a negligence claim pleaded by Defendant in the nonparty designation is causation. The *Redden* court was clear that "a simple statement supporting only 'causation'" "*does not*" "satisf[y] a statutory requirement of an allegation of 'fault or negligence.'" *Id.* at 80 (emphasis added). However, because Defendant may not, as a matter of law, designate the owner or operator of the ski area as a nonparty at fault, the Court need not reach any other grounds in striking the designation.

This is the type of decision that a court should normally make "as a matter of law." *Graven v. Vail Associates, Inc.*, 909 P.2d 514, 520 (Colo. 1996) (en banc). There are certain exceptions to this statute which are not relevant here. Colo. Rev. Stat. § 33-44-104(2). In the present case, an action by the Plaintiff against the ski resort would be barred by the Act. *See, e.g., Peck v. Vail Assoc., Inc.*, 46 F.3d 1151 (Table), 1995 WL 18278 (10th Cir. Jan. 18, 1995) (affirming summary judgment where plaintiff skier sued ski resort alleging negligent placement of safety cones on the sides of the exit ramp at the top of a chairlift).

Thus, the question arises whether Defendant may designate a nonparty against whom Plaintiff could not recover damages. The Court finds that Defendant may not.

In *Redden v. SCI Colorado Funeral Servs.*, 38 P.3d 75 (Colo. 2001) (en banc), the Colorado Supreme Court held that "[c]ourts should construe [nonparty] designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *Id.* at 80 (citing cases). The court stated, "Our statute is clear that a non-party designation is reserved for individuals or entities who might themselves be at fault and therefore liable for the injury at issue." *Id.* at 81. The Tenth Circuit reiterated this holding in *Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1278 (10th Cir. 2005) (quoting *Redden*).

Based on these unambiguous statements of law, this Court must avoid permitting a defendant to attribute liability to a nonparty from whom the plaintiff cannot recover damages. Plaintiff cannot recover damages from the owner/operator of Vail Mountain. Therefore, Defendant cannot designate the owner/operator as a nonparty at fault.[2]

---

[2]The Court is aware of several Colorado cases supporting a contrary conclusion. In *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126 (Colo. App. 2002), without reference to the *Redden* decision, the court permitted the designation of "unknown" parties and cited with approval decisions from

III.	**Conclusion**

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion to Strike Defendant's Nonparty Designations (Filed February 21, 2006; Docket # 26) is **granted.**

Dated at Denver, Colorado, this 6th day of April, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

other jurisdictions which permitted designation of immune parties. *Id.* at 1128-29. In addition, in *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083 (Colo. 1996) (en banc), the Colorado Supreme Court permitted the designation of a employer as a responsible nonparty despite the employer's immunity from suit under the worker's compensation statute. Although the *Redden* court did not discuss or even cite *Inland/Riggle Co.*, the *Redden* decision stands as the most recent pronouncement by the Colorado Supreme Court on this issue, as confirmed by the Tenth Circuit.