IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01294-PSF-MEH

JASON WHITE,

    Plaintiff,

vs.

MICHAEL KAIDEN,

    Defendant.

_____

**ORDER ON PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER**
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Under a Motion for Protective Order (Docket #50), filed on April 21, 2006, Plaintiff seeks a protective order from Defendant's attempt to depose the custodian of records of Vail Resorts, because (1) the Defendant had the opportunity to request additional records/documentation when the Plaintiff's deposition of the records custodian was done on November 4, 2005, but did not, (2) the Defendant has noticed this deposition well past the discovery cut-off in this case, and (3) counsel for the Defendant failed to contact Plaintiff's counsel prior to scheduling the deposition.  The matter is briefed, and oral argument would not materially assist the Court in adjudicating it.  For the reasons stated below, the Plaintiff's motion is **granted**.

**I.     Facts**

Plaintiff alleges that Defendant caused him injury when Defendant negligently skied into Plaintiff, causing Plaintiff to hit a six-by-six post on a ski run at Vail Mountain, Colorado.  Defendant

contends that Vail Resorts, Inc., a nonparty in the case, has failed to produce certain investigative reports with regard to the incident (Docket #55). It is undisputed that a records deposition was scheduled by the Plaintiff on November 4, 2005 (Dockets ##55-56). Defendant did not cross notice the deposition (Docket #56). Plaintiff indicates that, as is fairly common practice in the legal community (which this Court observed before taking the bench, while in private practice), once the records sought under the deposition were produced to both the Plaintiff and the Defendant, there was no actual deposition held (Docket #56). The cut-off date for discovery in this case was April 3, 2006 (Docket #17). Defendant issued a Notice of Deposition Duces Tecum of Vail Resorts on April 21, 2006, for a deposition to be taken on May 1, 2006 (Docket #50).

**II.     Discussion**

The core of the matter in this instance is Defendant's attempt to conduct discovery after the deadline for doing so has expired, without leave of Court, which in effect is a modification of the Scheduling Order entered in this case. A scheduling order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). The standard under Rule 16 is stringent, requiring some persuasive reason as to why the deadline established by the court could not be met. *Id.* Courts are allowed some discretion in this area, and may excuse an untimely request if it is due to oversight, inadvertence or excusable neglect. *See generally Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990).

Defendant first argues that the November 4, 2005, deposition was cancelled and, therefore, he did not have an opportunity to request the records or documentation he now seeks. Defendant attaches a copy of an e-mail correspondence to evidence this fact. However, the e-mail demonstrates just the opposite. The e-mail states (Docket #55-2):

> The parties in this matter have cleared November 4, 2005 to do a records deposition of Vail to obtain ski accident report and related documents. . . . Does that work for your office. (punctuation from original.)

Clearly the deposition was contemplated on November 4, 2005, and the coordination of schedules was requested. The Defendant has provided no other evidence to demonstrate that he was advised the deposition had been cancelled.

There is no dispute that the Defendant received the documents which were produced under the records deposition scheduled by the Plaintiff. Accordingly, while the Defendant knew or should have known all the relevant information necessary to decide whether or not to undertake a similar deposition of his own prior to the close of discovery, he did not. The Defendant makes no attempt to demonstrate the cause necessary for the untimely discovery he wants to conduct and only makes a conclusory statement that "the requested discovery is relevant to the issues, claims and defenses and is necessary information in support of his defense" (Docket #55). Further, the Defendant gives no facts, or facts from which it can be inferred, to demonstrate oversight, inadvertence or excusable neglect in this regard. Because the Defendant's actions in issuing a Notice of Deposition Duces Tecum of Vail Resorts after the close of discovery is in direct violation of the Scheduling Order which governs this case, the Plaintiff is entitled to the protective order he has requested.

III.  **Conclusion**

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion for Protective Order (Filed April 21, 2006; Docket # 50) is **granted.**

Dated at Denver, Colorado, this 4th day of May, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge