IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv–1294-PSF-MEH

JASON D. WHITE,

    Plaintiff,

v.

MICHAEL KAIDEN,

    Defendant.

**ORDER ON MOTIONS IN LIMINE**

This matter is before the Court on the following pending motions: Defendant's Supplemental Motion in Limine (Dkt. # 80); Defendant's Request for Ruling on Preservation Deposition Objections (Dkt. # 84); and Plaintiff's Supplemental Motion in Limine (Dkt. # 87). The Court has reviewed the motions, responses and the record and enters the following Order.

**I. DEFENDANT'S MOTION IN LIMINE RE: VIDEO AND PHOTOS**

Mr. Kaiden filed this motion in limine on July 27, 2006, objecting to the use of a video of the first removal of Mr. White's external fixator, a device attached to Mr. White's leg, on July 12, 2004. Apparently the device was subsequently replaced and removed a second time after Mr. White's bones destabilized. Mr. Kaiden seeks its exclusion on the basis of F.R.Civ.P. 403, claiming the video is duplicative of testimony and inflammatory. Additionally, Mr. Kaiden contends that the video was not timely disclosed. On the same grounds, Mr. Kaiden also seeks exclusion of plaintiff's Exhibit

97, which consists of photographs taken of Mr. White during his April 11, 2004 admission at Vail Valley Medical Center and during his rehabilitation.

In his response, plaintiff contends that the video is not duplicative of any testimony, as "[i]t is not anticipated that Jake White will detail the July 12, 2004 procedure." Further, plaintiff claims the video is necessary to rebut an anticipated defense strategy to use the doctor's notes following the procedure that "he did well with this."

The video itself is described by defendant as "gruesome" and including sounds of plaintiff's "screams, presumably in pain." While it is arguably uncomfortable to watch, it is not gruesome and Mr. White's "screams" are in reality groans, and are a very small part of the approximately nine-minute video. The benefit for Mr. White in showing the video is in being able to detail for the jury the actual damages suffered as well as pain and suffering, in addition to rebutting defendant's anticipated argument that Mr. White did very well during this removal procedure and was not in significant pain.

The Tenth Circuit has held that a court has discretion in excluding or admitting video evidence pursuant to F.R.Evid. 403. *See Wolfgang v. Mid-America Motorsports, Inc.*, 111 F.3d 1515, 1526-27 (10th Cir. 1997) (upholding decision to exclude audio and video tapes; decision to exclude under Rule 403 is left to sound discretion of trial court); *United States v. Falcon*, 766 F.2d 1469, 1478-79 (10th Cir. 1985) (exclusion of video was not abuse of discretion where it would have been cumulative of other

testimony).  The Court determines that the video in question is not duplicative of testimony or inflammatory and denies exclusion under Rule 403.

As to the untimely disclosure argument, defendant contends that the video was not disclosed until June 2, 2006, whereas plaintiff's deposition was take on December 14, 2005 and discovery was completed on April 3, 2006.  Mr. Kaiden alleges that he would be prejudiced by not having questioned Mr. White about the video during his deposition.  Mr. Kaiden cites an Eleventh Circuit case to support exclusion here.  *See Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *cert. denied*, 126 S. Ct. 478 (2005) (citing F.R.Civ.P. 37(c)(1) for proposition that party who, without substantial justification, fails to disclose evidence required under Rule 26 may not use such evidence at trial; no abuse of discretion to exclude evidence not properly disclosed).

Plaintiff contends that defendant has not been prejudiced, noting that defendant has requested no additional discovery or submitted any further questions after receipt of the video, and that the disclosure was not in bad faith or willful.  Plaintiff also notes that defendant has also supplemented his disclosures until June 26, 2006, almost a month after the video was disclosed.  The Court finds that the video's untimely disclosure also does not provide a basis for its exclusion.

Defendant's basis for exclusion of rehabilitation photos is also untimely disclosure, as he does not argue Rule 403 exclusion as to the photos.  Again, defendant has not made any showing of prejudice, and thus the photos are not excluded.

## II. DEFENDANT'S MOTION IN LIMINE RE: DEPOSITION OBJECTIONS

Mr. Kaiden filed this motion on August 2, 2006, requesting pretrial rulings on objections to specific deposition testimony of Dr. William L. Sterett, plaintiff's treating orthopedic surgeon. Such deposition testimony will be presented at trial. Plaintiff's expert witness disclosure of Dr. Sterett indicated that he "is expected to testify as to the diagnosis, care, treatment, extent and effects of injuries sustained by the Plaintiff generally in accord with records and reports generated during the course of treatment of Plaintiff, copies previously produced to Defendant." Pl.'s Exp. Wit. Discl. at 2, attached as Ex. B to Def.'s Mot. Further, Dr. Sterett will testify that plaintiff has a normal life expectancy, that he will permanently suffer pain in varying degrees as a result of the accident, that the care plaintiff received was reasonable, necessary and caused by the accident, that plaintiff's course of care was appropriate, and that the medical and therapy care, treatment and expenses incurred by plaintiff were reasonable, necessitated, and caused by the accident. *Id.* at 4. Plaintiff filed a response to this motion in limine on August 9, 2006 (Dkt. # 86).

### A. Dr. Sterett Deposition 51:15-53:16

Plaintiff concedes that no reference in the medical records can be found to "risk for arthritis." Therefore, plaintiff agrees to redact testimony from 51:15 through 53:7. However, plaintiff believes that 53:8-16, which is also included in defendant's objection, should remain as it does not concern a risk for arthritis. The testimony from 53:8-16 shall be allowed, as defendant's objection is based on a failure to disclose as required by F.R.Civ.P. 26(a). These lines do not address arthritis and ask about information

contained in the medical records. The objection is sustained in part and overruled in part. Lines 51:15-53:7 are excluded, and lines 53:8-16 are allowed.

### B. Dr. Sterett Deposition 54:25-55:15

Defendant's objection is based on failure to disclose and lack of foundation by Dr. Sterett, who defendant contends "does not have the experience or background in medical billing or hospital financial matters to render an opinion regarding the reasonableness of Mr. White's medical bills." Def.'s Mot. Lim. at 3. Further, Dr. Sterett himself admits that he is not "a financial guy." Although the testimony was disclosed as described above, the foundation is insufficient to admit this testimony. The objection is sustained and the testimony is excluded.

### C. Dr. Sterett Deposition 55:16-55:23

Defendant's objection is based on a lack of foundation. Dr. Sterett has not established any foundation for rendering his analysis of Mr. White's other medical care, and further questioning (see below) establishes a proper foundation. Therefore, the objection is sustained and lines 55:16-55:23 are excluded.

### D. Dr. Sterett Deposition 56:18-57:7

Defendant's objection is based on a lack of foundation. However, Dr. Sterett has laid proper foundation and qualifies his testimony by stating that "[t]he care I provided, the care in which I reviewed, was – was very reasonable and it was absolutely medically necessary." Additionally, this opinion was disclosed to defendant. The objection is overruled and lines 56:18-57:7 are allowed.

### E.  Dr. Sterett Deposition 81:20-82:9

Defendant's objection is based on a lack of foundation.  However, the question asked deponent clearly requests him to base his answer as to Mr. White's pain "on [his] knowledge of Jake White."  Dr. Sterett certainly deals with patients in pain, and Mr. White in pain in particular, and has the proper foundation to give his opinion as to Mr. White's complaints of pain.  Furthermore, the testimony can be useful to defendants, as Dr. Sterett states that Mr. White "complains of a lot less pain than most other people."  Finally, plaintiff contends that during cross-examination of Dr. Sterett, defendant asked questions regarding plaintiff's lack of pain based on Dr. Sterett's notes that "he is doing well" or "he complains of no pain."  Such questioning indicates defendant's reliance on Dr. Sterett's personal knowledge of Jake White's complaints of pain.  Therefore, the objection is overruled and lines 81:20-82:9 are allowed.

### F.  Dr. Sterett Deposition 83:24-84:7

Defendant's objection is based on a lack of foundation.  Dr. Sterett admits that he was not in the clinic with Dr. Vrahas and did not speak to him.  There is no other foundation for his testimony as to whether Dr. Vrahas performed his duties within the standard of care.  However, the question came in redirect following cross-examination questioning about the proper standard of care in removing an external fixator.  The question is proper in light of such questioning by the defendant, who clearly sought to obtain Dr. Sterett's testimony that Dr. Vrahas was not performing under the proper standard of care.  Defendant's objection is overruled and lines 83:24-84:7 are allowed.

### III. PLAINTIFF'S MOTION IN LIMINE RE: DEFENSE EXHIBIT B

Plaintiff seeks the exclusion of Defense Exhibit B, which plaintiff describes as a "conglomerate of all of the medical records from the Vail Valley Medical Center which contain references to insurance, illegible notes, hearsay within hearsay, and medical information that has not been explained." Plaintiff objects to this exhibit under F.R.Evid. 403, 404, 408, as duplicative of plaintiff's exhibits, and hearsay within hearsay.

Specifically plaintiff focuses on Bates-stamped page number 00311 ("311"), which is apparently some sort of Emergency Room incoming patient sheet. Plaintiff provides deposition testimony of Dr. Sterett showing that he doesn't know what the document is, that part of the sheet has been cut off, that the injuries described are not consistent with the injuries treated by Dr. Sterett, and that the patient history description is unverified and its source and recorder are unclear. Plaintiff contends that defendant wishes to introduce Exhibit B, and page 311 in particular, into evidence "to prove its theory of the case," namely that a description on page 311 indicates "fast skier hit pole 6 by 6" and "struck during skiing, high speed, ran into 6 by 6 pole."

In the absence of the source of that information or any verification, the document, page 311, shall be excluded. Because no other information about Exhibit B is before the Court, the Court does not rule on the rest of Exhibit B at this time.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine re: Video and Photos (Dkt. # 80) is DENIED. Defendant's Motion in Limine re: Deposition Testimony is

GRANTED in part and DENIED in part, as set forth above.  Plaintiff's Motion in Limine (Dkt. # 87) is GRANTED in part and DENIED in part, as set forth above.

DATED: August 11, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge